IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MYNTTI EDWARDS | ) | CASE NO. |
| 908 Southport Dr. | ) | |
| Medina, OH 44256 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| THE CLEVELAND CLINIC FOUNDATION | ) | |
| 9500 Euclid Ave. | ) | **JURY DEMAND ENDORSED** |
| Cleveland, OH 44195 | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| THE CLEVELAND CLINIC | ) | |
| FOUNDATION | ) | |
| C/O CT Corporation System | ) | |
| (Registered Agent) | ) | |
| 4400 Easton Commons Way Ste 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Tina Myntti Edwards, by and through undersigned counsel, as her Complaint

against Defendant, states and avers the following:

## PARTIES AND VENUE

1. Tina Myntti Edwards is a resident of the city of Medina, county of Medina, state of Ohio.

2. The Cleveland Clinic Foundation ("Cleveland Clinic") is a domestic corporation whose

   principal place of business is located at 9500 Euclid Ave., Cleveland, OH 44195.

3. Cleveland Clinic was at all times hereinafter mentioned an employer within the meaning of 42

   U.S.C. § 2000e *et seq.* and 29 U.S.C. § 2601 *et seq.*

4. Cleveland Clinic was at all times hereinafter mentioned an employer within the meaning of

   R.C. § 4112.01 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Myntti Edwards is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

6. This Court has supplemental jurisdiction over Myntti Edwards' state law claims pursuant to 28 U.S.C. § 1367 as Myntti Edwards' state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Myntti Edwards has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**<u>FACTS</u>**

9. Myntti Edwards is a former employee of Cleveland Clinic.

10. Cleveland Clinic hired Myntti Edwards on or about November 29, 1999.

11. At the time of her termination, Cleveland Clinic employed Myntti Edwards in the position of Registered Respiratory Therapist.

12. Myntti Edwards' son has Schizophrenia, a serious medical condition and mental impairment constituting a disability ("Maxwell's Disability").

13. On or about November 18, 2024, Maxwell was admitted to the hospital due to Maxwell's Disability ("Maxwell's Hospital Admittance").

14. That same day, Myntti Edwards disclosed Maxwell's Hospital Admittance to the Cleveland Clinic ("Disclosure").

15. On or about December 9, 2024, Maxwell returned to Myntti Edwards' full time care.

16. On or about December 10, 2024, Cleveland Clinic issued Myntti Edwards a final written warning ("Final Written Warning").

17. The purported reason for the Final Written Warning was for allegedly sleeping at her desk.

18. The Final Written Warning was shortly after Myntti Edwards' Disclosure.

19. Other Cleveland Clinic employees were not disciplined for sleeping at their desk.

20. Cleveland Clinic was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C §2611(4).

21. At all times relevant herein, Myntti Edwards was employed by Cleveland Clinic for at least 12 months and had at least 1,250 hours of service with Cleveland Clinic and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

22. During all relevant times, Myntti Edwards qualified for FMLA leave.

23. Due to Maxwell's Disability, Myntti Edwards needed time off to care for Maxwell.

24. On or about December 18, 2024, Myntti Edwards filed for intermittent FMLA to care for Maxwell ("Intermittent FMLA Request").

25. Myntti Edwards' Intermittent FMLA Request sought retroactive approval for leave beginning on the date of Maxwell's Hospital Admittance.

26. On or about December 19, 2024, Myntti Edwards filed for continuous FMLA from on or about December 12, 2024, to on or about January 6, 2025 ("Continuous FMLA Request").

27. The Intermittent FMLA Request and the Continuous FMLA Request are collectively referred to hereinafter as the "FMLA Requests" ("FMLA Requests").

28. On or about January 17, 2025, Myntti Edwards' FMLA Requests were denied ("FMLA Denial").

29. That same day, Myntti Edwards called Cleveland Clinic and opposed the FMLA Denial.

30. Cleveland Clinic changed the FMLA Denial to "pending."

31. On or about February 5, 2025, Myntti Edwards' Intermittent FMLA Request was approved ("Intermittent FMLA Approval").

32. In or around February 2025, Myntti Edwards' Continuous FMLA Request was approved ("Continuous FMLA Approval").

33. The Intermittent FMLA Approval and the Continuous FMLA Approval are collectively referred to hereinafter as the "FMLA Approvals" ("FMLA Approvals").

34. Cleveland Clinic employed Lisa Engle.

35. Engle had supervisory authority over Myntti Edwards.

36. Cleveland Clinic employed Colleen Zellers in the position of Human Resources Representative.

37. Engle knew of Maxwell's Disability.

38. Engle knew that Maxwell was under Myntti Edwards' full time care.

39. Zellers knew of Maxwell's Disability.

40. Zellers knew that Maxwell was under Myntti Edwards' full time care.

41. On or about February 14, 2025, Engle and Zellers informed Myntti Edwards that she exceeded the maximum number of attendance infractions.

42. That same day, Myntti Edwards emailed Engle and Zellers to dispute the attendance infractions ("Incorrect Attendance Infractions").

43. As part of the Incorrect Attendance Infractions, Myntti Edwards was pointed despite being asked by Cleveland Clinic to stay home or report to her shift later due to overstaffing.

44. As part of the Incorrect Attendance Infractions, Myntti Edwards was pointed despite approved shift trades.

45. As part of the Incorrect Attendance Infractions, Myntti Edwards was pointed due to badge malfunctions.

46. Engle and Zellers refused to correct the Incorrect Attendance Infractions.

47. On or about February 14, 2025, Cleveland Clinic removed Myntti Edwards from her scheduled shifts.

48. On or about February 17, 2025, Cleveland Clinic terminated Myntti Edwards ("Termination").

49. The purported reason for the Termination was attendance.

50. Upon information and belief, Cleveland Clinic has a progressive disciplinary policy for attendance infractions ("Progressive Discipline Policy").

51. Cleveland Clinic has used the Progressive Discipline Policy when disciplining employees who do not have disabled children.

52. Under the Progressive Discipline Policy, Myntti Edwards had not received any meaningful discipline.

53. Under the Progressive Discipline Policy, Myntti Edwards had not received any verbal warnings.

54. Under the Progressive Discipline Policy, Myntti Edwards had not received any written warnings.

55. Under the Progressive Discipline Policy, Myntti Edwards had not been suspended.

56. Cleveland Clinic skipped steps under the Progressive Discipline Policy when it terminated Myntti Edwards' employment.

57. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

58. Skipping steps under the Progressive Discipline Policy is an adverse action.

59. Myntti Edwards' Termination was shortly after her FMLA Approvals.

60. Myntti Edwards' Termination interfered with her FMLA Approvals.

61. Myntti Edwards' Termination was retaliation for her FMLA Approvals.

62. Myntti Edwards' Termination was based on Maxwell's Disability.

63. Cleveland Clinic's purported reason for Myntti Edwards' termination is pretext for discrimination.

64. Cleveland Clinic did not proffer a legitimate non-discriminatory reason for terminating Myntti Edwards.

65. As a result of Cleveland Clinic's conduct, Myntti Edwards suffered, and will continue to suffer damages.

COUNT I: <strong><u>UNLAWFUL INTERFERENCE WITH FMLA RIGHTS</u></strong>

66. Myntti Edwards restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

68. Cleveland Clinic is a covered employer under the FMLA.

69. During her employment, Myntti Edwards qualified for FMLA leave.

70. During her employment, Myntti Edwards was granted FMLA leave.

71. Cleveland Clinic unlawfully interfered with Myntti Edwards's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

72. Cleveland Clinic's act of terminating Myntti Edwards during her FMLA leave violated and interfered with Myntti Edwards' FMLA rights.

73. Cleveland Clinic violated section 825.300(c)(1) of the FMLA and interfered with Myntti Edwards' FMLA rights when Cleveland Clinic did not honor Myntti Edwards' approved use of FMLA leave.

74. As a direct and proximate result of Cleveland Clinic's conduct, Myntti Edwards is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

**COUNT II: <u>RETALIATION IN VIOLATION OF THE FMLA</u>**

75. Myntti Edwards restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. During her employment, Myntti Edwards utilized FMLA leave.

77. After Myntti Edwards utilized her qualified FMLA leave, Cleveland Clinic retaliated against her.

78. Cleveland Clinic retaliated against Myntti Edwards by terminating her employment.

79. Cleveland Clinic willfully retaliated against Myntti Edwards in violation of 29 U.S.C. § 2615(a).

80. As a direct and proximate result of Cleveland Clinic's wrongful conduct, Myntti Edwards is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT III: <u>DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E *et seq.*</u>

81.   Myntti Edwards restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82.   Myntti Edwards' son, Maxwell, suffers from Schizophrenia, a serious medical condition and mental impairment.

83.   As a result of suffering from Schizophrenia, Myntti Edwards' son, Maxwell, is disabled.

84.   Cleveland Clinic treated Myntti Edwards differently than other similarly-situated employees based on her son's disability.

85.   Cleveland Clinic skipped steps in its Progressive Discipline Policy when Cleveland Clinic terminated Myntti Edwards.

86.   Cleveland Clinic did not skip steps in its Progressive Discipline Policy when dealing with employees without disabled children.

87.   On or about February 17, 2025, Cleveland Clinic terminated Myntti Edwards' employment without just cause.

88.   Cleveland Clinic terminated Myntti Edwards' employment based on her son's disability.

89.   Cleveland Clinic violated ADA 42 U.S.C. 126 § 12101 *et seq.* when it discharged Myntti Edwards based on her son's disability.

90.   Cleveland Clinic violated ADA 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Myntti Edwards based on her son's disability.

91.   As a direct and proximate result of Cleveland Clinic's conduct, Myntti Edwards suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV: <u>DISABILITY DISCRIMINATION IN VIOLATION OF R.C</u> <u>§ 4112.01 *et seq.*</u>

92.    Myntti Edwards restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93.    Myntti Edwards' son, Maxwell, suffers from Schizophrenia, a serious medical condition and mental impairment.

94.    As a result of suffering from Schizophrenia, Myntti Edwards' son, Maxwell, is disabled.

95.    Cleveland Clinic treated Myntti Edwards differently than other similarly-situated employees based on her son's disability.

96.    Cleveland Clinic skipped steps in its Progressive Discipline Policy when Cleveland Clinic terminated Myntti Edwards.

97.    Cleveland Clinic did not skip steps in its Progressive Discipline Policy when dealing with employees without disabled children.

98.    On or about February 17, 2025, Cleveland Clinic terminated Myntti Edwards' employment without just cause.

99.    Cleveland Clinic terminated Myntti Edwards' employment based on her son's disability.

100.   Cleveland Clinic violated Ohio R.C. § 4112.02 when it discharged Myntti Edwards based on her son's disability.

101.   Cleveland Clinic violated Ohio R.C. § 4112.02 by discriminating against Myntti Edwards based on her son's disability.

102.   Myntti Edwards suffered emotional distress as a result of Cleveland Clinic's conduct, and is entitled to emotional distress damages pursuant to Ohio R.C. § 4112.01 et seq.

103.   As a direct and proximate result of Cleveland Clinic's conduct, Myntti Edwards suffered and will continue to suffer damages, including economic and emotional distress damages.

9

**<u>DEMAND FOR RELIEF</u>**

WHEREFORE, Plaintiff Tina Myntti Edwards respectfully requests this Court grant the following:

(a) Issue an order requiring Cleveland Clinic to restore Myntti Edwards to one of the positions to which she was entitled by virtue of her application and qualifications, with full back pay and benefits, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Myntti Edwards for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Myntti Edwards's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Bella Morrow*

Bella Morrow (0104653)
Brian D. Spitz (0068816)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive Suite 200
Independence, OH 44131
Phone: (216) 364-1359
Fax:     (216) 291-5744
Email: bella.morrow@spitzlawfirm.com
          brian.spitz@spitzlawfirm.com

*Attorneys For Plaintiff Tina Myntti Edwards*

## JURY DEMAND

Plaintiff Tina Myntti Edwards demands a trial by jury by the maximum number of jurors permitted.

/s/ *Bella Morrow*
Bella Morrow (0104653)